## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:02cr227** |
| | : | **No. 3:08cv987** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **RODNEY GORDON,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court for disposition is Defendant Rodney Gordon's motion to vacate, set aside or correct  sentence filed pursuant to 28 U.S.C. § 2255.  The matter has been fully briefed and is ripe for disposition.

**Background**

On May 28, 2003, a jury in the United States District Court for the Middle District of Pennsylvania convicted defendant of possession with the intent to distribute and manufacture a controlled substance (cocaine)  in violation of 21 U.S.C. § 841(a)(1).  (Doc. 1, Section 2255 Motion at ¶ ¶ 1-4).  The court sentenced Gordon to 210 months imprisonment.  (Doc. 78, Judgment).  Defendant appealed his conviction to the Third Circuit Court of Appeals.  (Doc. 79, Notice of Appeal).   The Third Circuit affirmed his conviction.  (Doc. 85, Mandate of the Third Circuit).  Defendant then filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255") and a brief in support thereof.  In the motion, defendant asserts that his conviction was obtained in violation of his constitutional right to effective assistance of counsel.  (Doc. 1, Section 2255 Motion ¶ 12 A).  The motion has been fully briefed and is ripe for disposition.

**Discussion**

Defendant moves for relief under 28 U.S.C. § 2255, which reads in

relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ...
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

Defendant asserts that his conviction was obtained in violation of his constitutional right to effective counsel.  The United States Supreme Court has found that Sixth Amendment "'right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id.  In order to prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors: "[f]irst, the defendant must show that counsel's performance was deficient[,] . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  Substandard lawyering is not enough to obtain

2

relief, however: "[s]econd, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Relief is only available to defendants who make "both showings." Id.

Defendant argues that his court-appointed counsel was ineffective in the following ways: 1) failure to interview and/or investigate a witness pertinent to the defense theory of the case, that is, his parole officer on another case who evidently had knowledge of drug test results that demonstrated that defendant used cocaine; 2) failure to introduce into evidence urinalysis reports relevant to the defense; and 3) failure to introduce evidence of defendant's drug usage after suggesting to the jury in the opening statement that such evidence would be provided.

The defendant's arguments all center on whether the jury could conclude that he possessed the cocaine for personal use as opposed to intending to distribute it. According to the defendant, if this defense had been presented properly, the jury could have found him guilty of the lesser offense of Simple Possession of Cocaine, 21 U.S.C. § 844(a), as opposed to the more severe offense of Possession With Intent To Distribute Cocaine, 21 U.S.C. § 841(a)(1). His counsel, however, did not investigate and/or present this evidence, although he did indicate in his opening statement that such evidence would be presented.

More particularly stated, the facts regarding defendant's motion are as follows: Prior to the instant criminal case, defendant had been convicted of other crimes, more particularly four convictions for distribution and/or possession with intent to distribute crack cocaine and cocaine. He

was on parole after serving a period of imprisonment for these several of these convictions when he tested positive for cocaine on several occasions, 2/21/2002, 2/25/2002, 3/11/2002, 3/12/2002, 3/13/2002, 3/14/2002, 4/15/2002, 4/22/2002, 4/26/2002. (Doc. 87, Defendant's Brief/Exhibits, page 30-38). Defendant argues that his counsel was ineffective for not investigating into Parole Officer Robert Gamble's knowledge of his cocaine use and for failing to admit into evidence the urinalysis results that indicated that he used cocaine.[1]  In his opening statement, defense counsel indicated that the jury might be able to conclude that the defendant was a user and not a seller of drugs. (Doc. 90-3, N.T. at 52).

As noted above, defendant must establish both that his counsel acted deficiently and that he was prejudiced by counsel's deficient performance.  In determining whether counsel acted deficiently, we must be highly deferential to counsel's decisions.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

_____

[1]Although the evidence was not used, defense counsel did in fact subpoena Gamble and the urinalysis records for trial. (Doc. 87, Defendant's Appendix at 23-27).

4

> counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the
> defendant must overcome the presumption that,
> under the circumstances, the challenged action
> might be considered sound trial strategy. There are
> countless ways to provide effective assistance in
> any given case. Even the best criminal defense
> attorneys would not defend a particular client in the
> same way.

Strickland, 466 U.S. at 689 (internal citations and quotation marks omitted).

The government argues that counsel's decision not to present the evidence with regard to cocaine usage was sound trial strategy because it precluded the introduction into evidence of defendant's prior convictions. Defendant admits that he had four prior convictions relating to distribution of cocaine. (Doc. 91, Reply Brief at 6). Defendant argues that keeping out the evidence of cocaine use in order to preclude evidence of these convictions was not a sound trial strategy. The court could have provided a limiting instruction when the convictions were entered into evidence that would have mitigated the prejudicial effect of the evidence. After a careful review, we disagree with the defendant.

It was certainly a sound trial strategy to keep out the prior convictions. It would have been highly prejudicial to the defendant for the jury to know that he had four (4) prior convictions relating to the distribution of cocaine, the very crime he was charged with here. In light of the Supreme Court's directive that we apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" we find that it was sound trial strategy to try and keep out the defendant's prior convictions. Accordingly, the defendant's motion is without merit and will be denied.

Moreover, even though defense counsel did not present evidence of

5

recent cocaine use by the defendant, counsel did present the promised evidence that was consistent with the defendant possessing the drugs for personal use.  He cross examined the investigating officers with regard to drug dealers commonly possessing large quantities of cash, jewelry, pagers, owe sheets and cell phones - -and that none of these were found in the defendant's possession.  He also asked about various investigative techniques such as controlled buys, surveillance and electronic monitoring that were not used in the instant case.  He further queried the investigator on whether plastic bags like those found on the defendant could be traded for drugs.  He also elicited testimony that Williamsport, Pennsylvania, the city to which defendant was traveling when arrested, is a city that has drug rehabilitation centers.  He also cross-examined the investigating officer on the relatively small quantity of drugs found on the defendant as compared to other cases where much larger quantities were found.  (Doc. 90-3, Govt. App. II, 107 - 113).

Thus, defense counsel did present the defense that defendant sought, although not to the extent that defendant now argues was appropriate.  We find no ineffective assistance of counsel in this respect.

Even if defendant had overcome the presumption that his counsel performed effectively, denial of the instant motion is appropriate because the defendant has not established the second prong of Strickland, prejudice, because the evidence against him was substantial.  See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999)("It is firmly established that a court must consider the strength of the evidence in deciding whether the Strickland prejudice prong has been satisfied. . . . This is necessary because Strickland 's prejudice prong requires a court to determine

6

whether there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.").

When defendant was arrested, he possessed in excess of one thousand (1,000) small plastic bags. (Doc. 90-3, Govt. App. II at 69). The investigating officers recognized the bags as the kind that drug dealers regularly use to package and resell controlled substances. ( Id. at 69). Also found on the defendant were sixteen (16) plastic bags of cocaine, specifically eight (8) plastic bag corners containing cocaine powder, totaling 23.8 grams and eight (8) yellow plastic bags, each containing cocaine powder, 3.4 grams. (Id. at 118-119). The defendant was riding on a bus from Philadelphia, Pa, a known source city of drugs, and traveling to Williamsport, Pa., a retail market for controlled substances. (Doc. 90-3, Govt. App. II, at 104). Defendant could not provide investigators with an address where he would be staying in Williamsport. (Id. at 106). He was also unemployed at the time. (Id.). In the description of the items found on the defendant, there was no paraphernalia for the personal use of cocaine.

Because of all this evidence against him, and the fact that the defense did raise the issue of personal use when cross-examining the investigators, it appears that he suffered no prejudice from the failure to admit his drug test results that were taken several months before his arrest. In fact, the admittance of the evidence, and the fact that he had four prior convictions for distribution of cocaine, would only have bolstered the prosecution's case.

Accordingly, we find that the defendant has satisfied neither prong of the ineffective assistance of counsel test, and his section 2255 motion should be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:02cr227** |
| | : | **No. 3:08cv987** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **RODNEY GORDON,** | : | |
| **Defendant** | : | |

## ORDER

_____**AND NOW**, to wit, this 11th day of June 2009, the defendant's motion filed pursuant to 28 U.S.C. § 2255 (Doc. 86) is hereby **DENIED**. The Clerk of Court is directed to close case number 3:08cv987.

Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and and 3d Cir. LAR. 22.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**