**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02cr227 |
| | : | No. 3:16cv1217 |
| v. | : | |
| | : | (Judge Munley) |
| RODNEY GORDON, | : | |
|         Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Pending before the court is Defendant Rodney Gordon's (hereinafter "defendant") second motion filed under 28 U.S.C. § 2255 (hereinafter "section 2255") to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 93). Because the defendant has not obtained the required certification from the Third Circuit Court of Appeals before filing a second section 2255 motion, we lack jurisdiction over the instant motion, and the motion will be dismissed.

**Background**

On May 28, 2003, a jury in the United States District Court for the Middle District of Pennsylvania convicted defendant of possession with the intent to distribute and manufacture a controlled substance (cocaine) in violation of 21 U.S.C. § 841(a)(1). (Doc. 86, Section 2255 Motion ¶¶ 1-4). The court sentenced the defendant to 210 months imprisonment. (Doc. 78, Judgment). Defendant appealed his conviction to the Third Circuit Court of Appeals. (Doc. 79, Notice of Appeal). The Third Circuit affirmed

his conviction.  (Doc. 85, Mandate of the Third Circuit).

Defendant next filed a motion to vacate, set aside, or correct sentence pursuant to section 2255 and a supporting brief on May 20, 2008. (Docs. 86, 87).  In the motion, defendant asserted that his conviction violated his constitutional right to effective assistance of counsel.  (Doc. 86, Section 2255 Motion ¶ 12).  On June 11, 2009, the court denied defendant's section 2255 motion.  (Doc. 92).

On June 20, 2016, the defendant filed a second section 2255 motion, asserting that the recent United States Supreme Court case of Johnson v. United States, 135 S. Ct. 2551 (2015), renders his sentence unconstitutional.  On June 21, 2016, the court issued Standing Order 15-6, which provides that the Federal Public Defender for the Middle District of Pennsylvania (hereinafter "FPD") is "appointed to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania **who may be eligible** to seek a reduced sentence based upon the applicability of Johnson."  (Doc. 94) (emphasis added).

The FPD filed a motion to withdraw as counsel on July 1, 2016 (Doc. 95, Mot. to Withdraw).  The FPD's motion indicates that the defendant "was a career offender based on an instant controlled substance offense

and at least two prior convictions for controlled substance offenses", and therefore, the defendant is not entitled to relief under Johnson. (Id. ¶ 6). The court granted the FPD's motion to withdraw on July 6, 2016, (Doc. 96), bringing the case to its present posture.

**Discussion**

Before the court is defendant's second section 2255 motion. Under section 2255(h), a defendant must obtain a certificate of appealability from the court of appeals authorizing the filing of a second or successive section 2255 motion.[1] 28 U.S.C. § 2255(h). This provision functions as a "gatekeeping" mechanism. Felker v. Turpin, 518 U.S. 651, 657 (1996). "Unless the court of appeals grants such permission, the district court may

---

[1] Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

not consider the second or successive petition." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The district court may either dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631, which provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

Here, the instant motion is defendant's second section 2255 motion. Thus, federal law requires the defendant to obtain the required certification from the Third Circuit Court of Appeals before filing a second section 2255 motion. A review of the record, however, reveals that the defendant has not obtained permission from the Third Circuit before filing his second section 2255 motion. Because he did not receive the required permission, we lack jurisdiction over defendant's claims and the motion will be dismissed.

As previously stated, we could determine that the interests of justice are served by transferring this motion to the Third Circuit Court of Appeals under 28 U.S.C. § 1631. We will decline to transfer the instant petition, however, as we find that it fails on the merits.

In his section 2255 motion, the defendant argues his sentence is unconstitutional under the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court noted that the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924(e)(1), increases a defendant's prison term if the defendant has three or more earlier convictions for a "serious drug offense" or a "violent felony." 135 S. Ct. at 2555. The ACCA defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**[.]"

Johnson, 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in the original). The latter part of section 18 U.S.C. 924(e)(2)(B)(ii) is commonly referred to as the "residual clause." The Supreme Court concluded that the ACCA's residual clause violates the Constitution's guarantee of due process under the Fifth Amendment. Id. at 2563.

Defendant argues that the Supreme Court's holding in Johnson, that the ACCA's residual clause is unconstitutional, similarly renders the career

offender residual clause unconstitutional.  The Third Circuit Court of Appeals has stated that cases involving sentencing enhancements under the ACCA's "violent felony" residual clause are sufficiently similar to cases interpreting the sentencing guideline's career offender "crime of violence" residual clause.  United States v. Marrero, 743 F.3d 389, 394 n.2 (3d Cir. 2014); see also United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009) (noting that binding authority interpreting one is generally applied to the other).  Accordingly, the defendant argues that his status as a career offender under the U.S.S.G.'s residual clause is unconstitutional.

The defendant's status as a career offender, however, is based on three prior "controlled substance offenses", not "violent felonies" stated in the career offender residual clause.  The U.S.S.G. defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.[2]  The defendant's prior

---

[2] Cocaine is a controlled substance under the Controlled Substances Act.  21 U.S.C. §§ 802(6), 812.

controlled substance convictions are:

1. Conviction on April 23, 1990 for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, to wit selling fourteen (14) vials of cocaine on April 19, 1989, selling seventeen (17) vials of crack cocaine on June 30, 1989, and selling six (6) vials of cocaine on July 4, 1989, in violation of 35 PA. STAT. ANN. § 780–113(f)(1.1).
2. Conviction on August 4, 1997, for the possession with intent to deliver cocaine, to wit possessing forty (40) packs of cocaine, in violation of 35 PA. STAT. ANN. § 780–113(f)(1.1).
3. Jury conviction on May 28, 2003 for the distribution and possession with intent to distribute cocaine, to wit possession with intent to distribute thirty (30) grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).

(Presentence Investigation Report at 1, 5-9).

Under Pennsylvania law, possession with the intent to distribute cocaine is a felony punishable by imprisonment for a term exceeding one year. 35 PA. STAT. ANN. § 780–113(f)(1.1). Additionally, defendant's May 28, 2003 jury conviction for the distribution and possession with intent to distribute cocaine is a crime punishable by a term of imprisonment exceeding one year. 21 U.S.C. § 841 (b). Therefore, defendant's prior drug convictions are "controlled substance offenses", which properly served as predicate offenses for the classification of defendant as a career offender pursuant to U.S.S.G. § 4B1.1.

7

**Conclusion**

For the above-stated reasons, the court will dismiss defendant's second 2255 motion. The defendant failed to obtain the required certification from the Third Circuit Court of Appeals before filing a second section 2255 motion. Moreover, the defendant's prior drug convictions are "controlled substance offenses", which properly served as predicate offenses for the classification of the defendant as a career offender pursuant to U.S.S.G. § 4B1.1. An appropriate order follows.


**Date:  07/14/2016**                              **s/ James M. Munley**
                                                                **JUDGE JAMES M. MUNLEY**
                                                                **United States District Court**